UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA GREEN, Individually and on behalf of other employees of Defendants,<br><br>Plaintiff,<br><br>v.<br><br>LAWRENCE SERVICE COMPANY d.b.a. LAWRENCE MERCHANDISING SERVICES, and DOES 1 through 50, Inclusive,<br><br>Defendant. | Case No.: 2:12-CV-06155 JAK (VBK)<br><br>**FINAL JUDGMENT**<br><br>==JS-6==<br><br>Date:          March 31, 2014<br>Time:         8:30 a.m.<br>Court:        750 – 7th Floor<br>Judge:       Hon. John A. Kronstadt<br>Magistrate:  Hon. Victor B. Kenton<br><br>Complaint Filed: July 3, 2012<br>Case Removed: July 18, 2012<br>Trial Date: Not Set |

This matter having come before the Court for hearing pursuant to the Order dated January 13, for approval of the class action settlement as set forth in the Stipulation of Class Settlement and Release ("Settlement Agreement"), and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed of the premises and good cause appearing, it is

**HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

    1.     All terms used herein shall have the same meaning as defined in the Settlement Agreement.

2.    This Court has jurisdiction over the subject matter of the action and over all parties to the action.

3.    The Court finds that the settlement has been reached as a result of intensive, serious and non-collusive arms-length negotiations taking into account the procedural history and outcomes in the action.  The Court finds that settlement will avoid substantial additional costs by all parties, as well as avoid the delay and risks that would be presented by the further prosecution of the action.

4.    The Court finds that distribution of the Notice directed to Class Members as set forth in the Settlement Agreement and the other matters set forth therein have been completed in conformity with the Order granting preliminary approval dated January 13, 2014, including the mailing of individual notice by first class mail to all Class Members who could be identified through reasonable effort.  The Court finds the Notice sent to all Class Members provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Settlement Agreement, to all persons entitled to such notice, and the Notice fully satisfied the requirements of due process.  Two Class Members, Barbara Wiik and Deborah E. Hart, properly and timely requested exclusion from the settlement and are not part of the Settlement Class. No Class Members objected to the settlement.

5.    This Court hereby approves the settlement set forth in the Settlement Agreement and finds that the settlement is, in all respects, fair, adequate and reasonable and directs the parties to effectuate the settlement according to its terms.  The Court has reviewed the settlement payments to Qualified Claimants that are being granted as part of the settlement and recognizes the significant value of the settlement payments.

6.    For purposes of this Final Judgment and for settlement only, the Court hereby certifies the Settlement Class.

7.    Class Counsel and Class Representative are appointed for the Settlement Class and for settlement purposes only.

8.    The Court hereby orders the Claims Administrator to distribute settlement

**FINAL JUDGMENT**                                **Case No.** 2:12-CV-06155
JAK (VBK)

payments to Qualified Claimants pursuant to the terms of the Settlement Agreement and this Order.

9.     The Court orders Defendant to pay the employer's share of all payroll taxes pursuant to the terms of the Settlement Agreement and as required under the law.

10.    The Court orders Defendant to pay all claims administration costs to the Claims Administrator pursuant to the terms of the Settlement Agreement.

11.    The Court hereby awards Class Representative Dana Green a Service Award in the amount of $3,500.  The Court hereby orders the Claims Administrator to distribute the Service Award to Class Representative and in accordance with the provisions of the Settlement Agreement.  This Service Award is for her services and also for the release of claims she is granting to Defendant.

12.    The Court awards attorney's fees and costs in the amount of $169,500 which is to be paid pursuant to the terms of the Settlement Agreement.

13.    Upon final approval, the Settlement Class (i.e. each Class Member who has not submitted a timely and valid Request for Exclusion) will release Defendant as to all claims that either (a) were asserted in the action; or (b) arise from the same underlying factual allegations and excludes FLSA claims.  This release includes, without limitation, any and all claims within the scope of the previous sentence arising under the common law, California Labor Code, Business & Professions Code (including Section 17200), or IWC Wage Order, claims for restitution and other equitable relief, liquidated damages, punitive damages, penalties of any nature whatsoever, attorney's fees, and any other benefit claimed on account of these allegation.  This release shall include in its effect Defendant, and each of its present and former affiliates, parent companies, subsidiaries, shareholders, officers, partners, directors, employees, agents, attorneys, insurers, predecessors, representatives, accountants, past, present, and future, successors and assigns, and each and all of their respective officers, partners, directors, servants, agents, shareholders, employees, representatives, accountants, insurers, and attorneys, past, present, and future, and all persons acting under, by, or in concert with any of them

3

(collectively, the "Releasees").  All members of the Settlement Class are barred from prosecuting against Releasees any individual or class claims that were asserted in this action, including without limitation any claims arising out of the acts, facts, transactions, occurrences, representations, or omissions set forth in the action (and not including FLSA claims) through the date of the final approval of this settlement upon satisfaction of all payments and obligations hereunder.

14.     After administration of the settlement has been completed in accordance with the Settlement Agreement and all amounts calculated, and in no event later than 180 days after the effective date, Defendant shall file a report with this Court certifying compliance with the terms of the settlement and this Order.

15.     The Court's (In Chambers) Order re Plaintiff's Motion for Final Approval of Class Action Settlement (Dkt. 80) and Plaintiff's Motion For an Award of Attorney's Fees and Costs (Dkt. 79) on April 1, 2014, Docket No. 82, is hereby incorporated into this Final Judgment, as if fully stated herein, and is attached hereto as Exhibit 1.

16.     Without affecting the finality of this Final Judgment in any way, this Court hereby retains continuing jurisdiction over the interpretation, implementation and enforcement of the Settlement Agreement and all orders and judgments entered in connection therewith.

17.     If the settlement does not become final and effective in accordance with the terms of the Settlement Agreement, then this Judgment and all orders entered in connection therewith shall be rendered null and void and shall be vacated.

Dated: April 8, 2014

_____

HON. JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE

4

# EXHIBIT 1

## To the Final Judgment

EXHIBIT 1
To the Final Judgment

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | LA CV12-06155 JAK (VBKx) | Date | April 1, 2014 |
| Title | Dana Green v. Lawrence Service Company, et al. | | |

---

Present: The Honorable    JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE

| Andrea Keifer | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**      **(IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT (DKT. 80);**

**PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEY'S FEES AND COSTS (DKT. 79)**

## I.    Introduction

Plaintiff Dana Green ("Plaintiff") brought this wage and hour class action against her former employer, Lawrence Service Company ("LSC" or "Defendant"). She alleged numerous violations of federal and state labor laws. The First Amended Complaint (the "FAC") (Dkt. 27) advanced the following 18 causes of action:

> (i) failure to pay federal minimum wages, in violation of 29 U.S.C. § 206;
> (ii) failure to pay California minimum wages;
> (iii) Private Attorney General Act ("PAGA") claim for failure to pay minimum wages;
> (iv) failure to pay overtime wages;
> (v) PAGA claim for failure to pay overtime wages;
> (vi) failure to provide meal periods;
> (vii) PAGA claim for failure to provide meal periods;
> (viii) failure to authorize and permit rest periods;
> (ix) PAGA claim for failure to authorize and permit rest periods;
> (x) failure to indemnify, in violation of Cal. Lab. Code § 2802;
> (xi) PAGA claim for failure to indemnify, in violation of Cal. Lab. Code § 2802;
> (xii) failure to pay wages and on a timely basis;
> (xiii) PAGA claim for failure to pay wages and on a timely basis;
> (xiv) failure to provide and maintain accurate itemized wage statements and records;
> (xv) PAGA claim for failure to provide and maintain accurate itemized wage statements;
> (xvi) failure to record and maintain meal period records;
> (xvii) PAGA claim for failure to record and maintain meal period records; and
> (xviii) violations of Cal. Bus. & Prof. Code §§ 17200, et seq.

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

#### CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | LA CV12-06155 JAK (VBKx) | Date | April 1, 2014 |
| Title | Dana Green v. Lawrence Service Company, et al. | | |

On July 23, 2013, the Court granted in part and denied in part Defendant's Motion for Summary Judgment and Plaintiff's Cross-Motion for Summary Judgment. Dkt. 66. After a series of negotiations overseen by a mediator, the parties reached a settlement.

On October 7, 2013, Plaintiff filed a motion seeking an order: (1) provisionally certifying a settlement class; (2) preliminarily approving a class action settlement; (3) providing for notice of settlement to class members; and (4) setting a hearing for final approval of the class settlement (the "Motion for Preliminary Approval"). Dkt. 70. On January 13, 2014, the Court granted the Motion for Preliminary Approval, and set a hearing on a Motion for Final Approval of the Class Action Settlement (the "Motion for Final Approval") for March 31, 2014. Dkt. 78. Plaintiff filed the Motion for Final Approval (Dkt. 80) and a Motion for an Award of Attorneys' Fees and Costs (the "Motion for Fees and Costs") (collectively, the "Motions") (Dkt. 79). Defendant did not oppose either motion.

The Court held a hearing on the Motions on March 31, 2014, stated its intention to grant them through a written order, and took the matters under submission. For the reasons stated in this Order, the Motions are GRANTED.

### II.    Factual and Procedural Background[1]

On May 15, 2012, prior to the filing of Plaintiff's complaint, Plaintiff and Defendant participated in a mediation with Mark Rudy ("Rudy"). Dkt. 70-2, Richard Decl. at 5. In preparation for the mediation, Plaintiff conducted an investigation into her potential wage and hour claims and Defendant's potential defenses. *Id.* at 4. This investigation included the examination of documents and data from Defendant related to its service representatives, their compensation and Defendant's policies and procedures. *Id.* Interviews with service representatives were conducted, and a comprehensive damages calculation was made. *Id.* At the initial mediation, the parties did not reach a resolution. *Id.* at 5. Thereafter, on July 3, 2012, Plaintiff filed a complaint in the Los Angeles County Superior Court. *Id.* The action was then removed by Defendant. Subsequently, Plaintiff filed the FAC. *Id.*

In the Joint Scheduling Report, which the parties filed on October 5, 2012, Defendant stated that, after the unsuccessful May 15, 2012 mediation, it paid approximately $80,000 in total to several current and former service representatives to resolve claims for unpaid wages. Defendant also stated that it had made additional payments to the service representatives who signed releases of all claims against Defendant. *Id.* In sum, Defendant made payments of approximately $158,727.44 to 440 of the 651 service members that would have been part of the putative class. Dkt. 80-2 at 10.

The parties then engaged in discovery. They exchanged documents and took depositions, including those of Plaintiff and Defendant's representative, Susan Schmidt. *Id.* After further investigation, Plaintiff sought to dismiss her first cause of action, which was brought under 29 U.S.C. § 206. Dkt. 70-2 at 6. The Court granted the request on April 16, 2013. Dkt. 56. On March 4, 2013, Defendant filed its Motion for Summary Judgment. Dkt. 32. On April 8, 2013, Plaintiff filed her Cross-Motion for Partial Summary Judgment. Dkt. 37. After the May 6, 2013 hearing on these motions, the parties agreed to participate in a

---

1 The factual and procedural background was described in the Court's prior order (Dkt. 78), which is adopted by this reference.

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | LA CV12-06155 JAK (VBKx) | Date | April 1, 2014 |
| Title | Dana Green v. Lawrence Service Company, et al. | | |

second mediation with Rudy. The session was scheduled for July 20, 2013. *Id.*

In preparation for the second mediation, the parties conducted further investigations into Plaintiff's claims, including interviews of other potential class members. *Id.* As a result of this work, a revised damages calculation was prepared. It took into account the back pay that Defendant had already paid to certain service representatives in exchange for their releases of claims against Defendant. *Id.*

The parties did not reach an agreement at the second mediation with Rudy, but continued to have settlement negotiations through him. *Id.* at 7. After the Court issued its ruling granting in part and denying in part the competing motions for summary judgment, the parties reached an agreement on a proposed class-wide settlement. *Id.*

### III.   The Terms of the Proposed Settlement

#### A.  Settlement Class

The proposed Settlement Class is defined as: "All LMS Service Representatives (1) who performed at least one project within the State of California between January 1, 2008 and December 1, 2012; and (2) did not execute a release of claims in 2012 in response to LMS's offers to settle and release individual claims." Dkt. 80-1 at 5.

#### B.  Settlement Fund

Defendant will pay $60,000 to a settlement fund.[2] Dkt. 80 at 5. This fund will be distributed to all class members who have not requested timely exclusion from the settlement class ("Qualified Claimants"). *Id* at 5-6. No action is required by class members in order to claim a settlement payment.

#### C.  Payments to Qualified Claimants

Qualified Claimants will receive individual settlement payments based on the number of projects that each claimant completed while employed by Defendant between 2008 and 2012. *Id.* Each member will be assigned between one and ten points based on the number of projects that each completed during the aforementioned time period. *Id.* This point value is calculated by dividing by 100 the total number of projects each Qualified Claimant completed during that time period, and rounding the quotient to the nearest whole number (the "Point Total"). *Id.* Each Qualified Claimant will then receive a pro rata portion of the $60,000 settlement fund measured by the Claimant's percentage of total class points. *Id.*

#### D.  Payment of Payroll Taxes

---

2  Plaintiff states that this fund represents 100% of unclaimed back wages ($1,045), and 20% of the approximately $292,581 in unreimbursed expenses owed to the class. Dkt. 70-2, Richard Decl. at 19.

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

#### CIVIL MINUTES – GENERAL

Case No.     LA CV12-06155 JAK (VBKx)                         Date    April 1, 2014

Title        Dana Green v. Lawrence Service Company, et al.

Ten percent of each Qualified Claimant's settlement payment is allocated to wages owed, and the remaining 90 percent is allocated to non-wages, including interest, penalties and expense reimbursements. *Id.* at 16. Defendant will pay employer-side payroll taxes on any portion of the settlement where such taxes are required. Dkt. 70-2 at 34.

#### E.  Attorney's Fees

Plaintiff's Motion for Fees and Costs is addressed separately below. Plaintiff contends that Defendant does not oppose a fee and cost award that does not exceed the requested amounts. Dkt. 79-1 at 21.

#### F.  Service Award for Lead Plaintiff

Plaintiff seeks the approval of a service award in the amount of $3,500 for her work in connection with this action. Dkt. 80-3 at 4.

#### G.  Costs of Claim Administrator

Defendant will pay CPT Group, Inc. for all services provided in connection with the administration of the claims, including mailing notices, calculating awards, processing requests for exclusion and mailing class member settlement checks. Dkt. 80-1 at 6.

#### H.  Notice Procedures and Requests for Exclusion

The Court granted preliminary approval of the proposed settlement, which included a plan to provide notice to the Settlement Class. Within 15 business days after preliminary approval of the class settlement, the claims administrator was to send, by first-class mail, a notice of pendency of class action to class members at their last known address. *Id.* at 35. The claims administrator was to perform a skip-trace on returned mail and make a second attempt to mail the notice. *Id.*

Class members were given 30 days from the date of the mailing of the notice to send a request to be excluded from the settlement. *Id.* Class members were also given 30 days from the date of the mailing of the notice to file and serve any objection to the settlement. *Id.* at 36.

Jacqueline Hitomi ("Hitomi"), Supervising Case Manager for CPT Group, Inc., reports that one notice packet was returned to her office. Dkt. 80-4 at 2. She states that she performed a skip-trace on the returned packet and mailed it to the recipient's new address. *Id.* at 3. She also reports that a second notice packet had to be re-mailed after CPT received a new address for the recipient from Defense counsel. *Id.*

Hitomi states that no objections have been received from those to whom notice was mailed. Furthermore, she states that only two out of the 295 class members have opted out of the settlement. Thus, there is a 99.32% participation rate. As a result, she states that the estimated average class settlement amount is $203.05, with the highest amount estimated at $846.26 and the lowest at $84.63. *Id.*

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | LA CV12-06155 JAK (VBKx) | Date | April 1, 2014 |
| Title | Dana Green v. Lawrence Service Company, et al. | | |

## IV.   Motion for Final Approval of Class Action Settlement

### A.   Legal Standard

Rule 23(e) provides that "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e). The inquiry appropriate under Rule 23(e) "protects unnamed class members from unjust or unfair settlements affecting their rights when the representatives become fainthearted before the action is adjudicated or are able to secure satisfaction of their individual claims by a compromise." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 623 (1997). Rule 23(e) sets forth the procedures that apply to a proposed settlement. Each requirement is addressed in the following discussion.

#### 1.   Adequate Notice

Adequate notice and an opportunity to opt-out are critical to a class settlement under Rule 23(e). *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 814 (1985) (due process requires notice and opportunity to opt-out of 23(b)(3) class action).[3] In this case, the Court approved a plan to send by first-class mail a notice of pendency of class action to class members at their last known addresses. *Id.* at 35. The claims administrator was to perform a skip-trace on returned mail and make a second attempt to mail the notice. *Id.*

Hitomi confirms in her declaration that the notice was mailed to all 295 class members. Dkt. 80-4 at 2. One notice packet was returned to her office. A skip trace was then performed and the packet was re-mailed. *Id.* at 2-3. She also states that no objections to the settlement were received, and only two individuals opted out. *Id.* at 3. This testimony confirms the adequacy of the notice provided to class members.

#### 2.   Settlement Fairness Factors

The well accepted standard for determining whether final approval of a class action settlement should be granted is whether the agreement is "fundamentally fair, adequate, and reasonable." *In re Pacific Enters. Sec. Litig.,* 47 F.3d 373, 377 (9th Cir. 1995); *Class Plaintiffs v. City of Seattle,* 955 F.2d 1268, 1276 (9th Cir. 1992).

The Ninth Circuit has concluded that the following list reflects factors that are among those that may be considered in determining whether a proposed class action settlement is fair, reasonable and adequate:

---

3  Rule 23(c)(2)(B) provides that "[f]or any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." In addition, "[t]he notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." *Id.*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   LA CV12-06155 JAK (VBKx)                     Date   April 1, 2014

Title      Dana Green v. Lawrence Service Company, et al.

---

(1) The strength of the plaintiff's case;
(2) The risk, expense, complexity, and likely duration of further litigation;
(3) The risk of maintaining class action status throughout the trial;
(4) The amount offered in settlement;
(5) The extent of discovery completed and the stage of the proceedings;
(6) The experience and view of counsel;
(7) The presence of a governmental participant; and
(8) The reaction of the class members to the proposed settlement.

See Linney v. Cellular Alaska P'ship, 151 F.3d 1234, 1242 (9th Cir. 1998); see also Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir. 1998). Not all of these factors will apply to every class action settlement. These factors are addressed below.

a)   Risk, Expense, and Complexity of Further Litigation

"In most situations, unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results." Nat'l Rural Telecom. Coop. v. DirecTV, Inc., 221 F.R.D. 523, 526 (C.D. Cal. 2004) (citing 4 A Conte & H. Newberg, Newberg on Class Actions, § 11:50 at 155 (4th ed. 2002)); see also Oppenlander v. Standard Oil Co. (Indiana), 64 F.R.D. 597 (D.Colo.1974) ("It has been held proper to take the bird in hand instead of a prospective flock in the bush.").

Plaintiff contends that the "complexities and duration of further litigation cannot be overstated." Dkt. 80-1 at 16. She contends that Defendant asserted "substantial and real defenses" to this action and was able successfully to eliminate certain of her claims as a result of its motion for summary judgment. Id. She argues that, even if she were to prevail on the remaining claims, the appellate process would undoubtedly increase the duration of the case by a number of years. Indeed, "[a]voiding trial and subsequent appeals in this case strongly militates in favor of settlement rather than promoting protracted and uncertain litigation." See Nat'l Rural Telecommunications Cooperative v. DIRECTV, Inc., 221 F.R.D. 523, 527 (C.D. Cal. 2004). In light of the expense and time that will be spared as a result of the settlement, this factor favors granting final approval.

b)   Settlement Amount

Plaintiff asserted claims for back wages, unpaid daily overtime wages and failure to reimburse employees for certain necessary expenses. Dkt. 80-2 at 13-14. With respect to the unpaid wages, Defendant has agreed to pay 100% of such wages, or $1,045. Id. at 13.

With respect to the claim for reimbursement of expenses, Plaintiff calculated that approximately $292,581 may have been claimed in unreimbursed expenses. Id. Defendant has agreed to pay approximately 20% of such expenses as part of the settlement agreement. Id. Plaintiff also notes that her strongest claim for unpaid expenses was for printing and that, accordingly, approximately 1/3 of the $292,581 is attributable to recovery on this claim. Dkt. 80-3 at 14. After "taking into account the risks [of] pursuing such claims through certification and ultimately a trial, Plaintiff felt that a settlement of 20% of the calculated expense

---

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV12-06155 JAK (VBKx) | Date | April 1, 2014 |
| Title | Dana Green v. Lawrence Service Company, et al. | | |

amount exceeded the risks associated with attempting to recover the full amount at trial." Dkt. 80-2 at 14. This proposed recovery is reasonable for a case of this type. Thus, this factor favors approval of the settlement.

c)     Extent of Discovery Completed and Stage of the Proceedings

Plaintiff asserts that she had sufficient information to evaluate the case. Plaintiff points out that a settlement agreement was not reached until counsel "processed sufficient information to make an informed judgment regarding the likelihood of success on the merits and the monetary results that could be obtained through further litigation." Dkt. 80-1 at 13. Plaintiff contends that there was "no need for continued litigation simply to reaffirm what the negotiating parties already knew after conducting the extensive investigation including analyzing voluminous pages of documents." Id. The parties engaged in two mediation sessions. In preparation for them, they participated in extensive discovery. Thousands of pages of documents and other data related to Defendant's service representatives were examined, and interviews of service representatives were conducted. Depositions of Plaintiff and of Defendant's representative were taken. It was not until the Court's ruling on the parties' cross motions for summary judgment that a settlement was reached. These facts support the approval of the settlement.

d)     Experience and Views of Counsel

"Great weight is accorded to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation." Nat'l Rural, 221 F.R.D. at 528 (citing In re Painewebber Ltd. P'ships Litig., 171 F.R.D. 104, 125 (S.D.N.Y.1997). This is because "[p]arties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in the litigation." Pacific Enters. Sec. Litig., 47 F.3d at 378. Thus, "the trial judge, absent fraud, collusion, or the like, should be hesitant to substitute its own judgment for that of counsel." Nat'l Rural, 221 F.R.D. at 528 (citing Cotton v. Hinton, 559 F.2d 1326, 1330 (5th Cir. 1977); Hanrahan, 174 F.R.D. at 366-368).

Plaintiff's counsel are experienced wage and hour class action attorneys who demonstrated competence in this litigation. Plaintiff and her counsel believe that the proposed settlement is a fair, adequate, and reasonable resolution, which is preferable to continued litigation. Thus, this factor favors approval of the settlement.

e)     Reaction of Class Members to the Proposed Settlement

"The reactions of the members of a class to a proposed settlement is a proper consideration for the trial court." See Nat'l Rural, 221 F.R.D. at 528 (citation omitted). In this regard, "[t]he representatives' views may be important in shaping the agreement and will usually be presented at the fairness hearing; they may be entitled to special weight because the representatives may have a better understanding of the case than most members of the class." Id. (citing Manual for Complex Litigation, Third, § 30.44 (1995)).

As noted, 295 notice packets were sent by CPT to class members, but no objections were received. Furthermore, only two members of the class decided to opt out. The Ninth Circuit has held that "the fact that the overwhelming majority of the class willingly approved the offer and stayed in the class presents at

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV12-06155 JAK (VBKx) | Date | April 1, 2014 |
| Title | Dana Green v. Lawrence Service Company, et al. | | |

least some objective positive commentary as to its fairness." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998); *see also In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (that there was only one opt-out supported upholding district court's approval of the settlement). Thus, this factor supports approval of the settlement.

        f)    Arms-Length Negotiations.

Although not specifically identified as a factor in *Linney*, 151 F.3d 1234, the presence of arms-length negotiations in the settlement process support the acceptance of the settlements as "fundamentally fair, adequate, and reasonable." *See Pacific Enters. Sec. Litig.,* 47 F.3d at 377; *Hanrahan v. Britt,* 174 F.R.D. 356, 366-368 (E.D. Pa. 1997) (presumption of correctness applies to a class action settlement reached in arms'-length negotiations between experienced, capable counsel after meaningful discovery).

Here, Plaintiff argues that the settlement was the product of extensive, arms-length negotiations. The settlement agreement was reached after lengthy investigations and discovery. Furthermore, the settlement was the product of two, formal mediation sessions conducted by a sophisticated neutral experienced in class action matters. For these reasons, this factor also favors approval of the settlement.

        g)    Conclusion

A consideration and balancing of all of the foregoing factors leads to the conclusion that the settlement is reasonable and fair. Therefore, the Motion for Final Approval is GRANTED.

**V.    Motion for Attorney's Fees and Costs**

    **A.    Attorney's Fees**

        1.  Legal Standard

Although attorneys' fees may be awarded in a certified class action where authorized by law or the parties' agreement, Fed. R. Civ. P. 23(h), "courts have an independent obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount." *In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011). In determining whether the award is reasonable, the district court has discretion to use the lodestar approach or the percentage of the fund method in common fund cases. *In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.,* 109 F.3d 602, 607 (9th Cir.1997).

The common fund doctrine was developed to avoid unjust enrichment, requiring "those who benefit from the creation of the fund [to] share the wealth with the lawyers whose skill and effort helped create it." *In re Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1300 (9th Cir. 1994). The Ninth Circuit has established a "benchmark" for fees that is 25% of the fund in common fund cases, *Six Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990), and has expressly approved the use of the common fund approach in class actions, *see Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370 (9th Cir. 1993). In recent years, many courts have shifted to the percentage of the common fund method in awarding fees in class actions. This is not only because it aligns the lawyers' interests with those of the

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.    LA CV12-06155 JAK (VBKx)                    Date    April 1, 2014

Title       Dana Green v. Lawrence Service Company, et al.

class but also simplifies the approval analysis. *See, e.g., In re Activision Secs. Litig.*, 723 F. Supp. 1373, 1378-79 (N.D. Cal. 1989); *Kirchoff v. Flynn*, 78 F.2d 320, 325-2 (7th Cir. 1986).

Under the alternative, lodestar approach, the reviewing court determines the hours reasonably expended and a reasonable hourly rate. The product of these two factors is the "lodestar" to which a multiplier may be applied in appropriate circumstances. *See Lindy Bros. Builders, Inc. of Philadelphia v. Am. Radiator & Standard Sanitary Corp.*, 487 F.2d 11 (3d. Cir. 1973). The Ninth Circuit has adopted 12 factors a reviewing court should consider in assessing a fee request:

    (1) The time and labor required;
    (2) The novelty and difficulty of the questions involved;
    (3) The skill requisite to perform the legal service properly;
    (4) The preclusion of other employment by the attorney due to acceptance of the case;
    (5) The customary fee;
    (6) Whether the fee is fixed or contingent;
    (7) Time limitations imposed by the client or the circumstances;
    (8) The amount involved and the results obtained;
    (9) The experience, reputation, and ability of the attorneys;
    (10) The 'undesirability' of the case;
    (11) The nature and length of the professional relationship with the client; and
    (12) Awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

Furthermore, "it is reasonable for the district court to compare the lodestar fee, or sum of lodestar fees, to the 25% benchmark, as one measure of the reasonableness of the attorneys' hours and rates." *Petroleum Prods.*, 109 F.3d at 607.

      2.  Application

           a)  The Common Fund Approach

Based on a percentage of the common fund approach, class counsel requests approval of an award of 36.6% of the common fund of $387,500.[4] Plaintiff contends that this is the appropriate calculation of the common fund because "[e]ven if class counsel's attorney fees are not to be paid from the class settlement, according to the Third Circuit, the aggregate amount of the attorney fees and the class settlement payments may be viewed as 'a constructive common fund.'" *Lobatz v. U.S. West Cellular of California, Inc.*, quoting *In re General Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 820 (3d Cir. 1995). As mentioned above, the Ninth Circuit has established 25% of the fund recovered as the "benchmark" in common fund cases. This amount may be adjusted depending on the circumstances presented by any particular case. Furthermore, courts regularly approve common fund

---

4  This amount is the sum of the $60,000 settlement fund, the $158,000 in previous payments made by Defendant to certain potential class members in exchange for releases and the $169,500 in attorney's fees and costs.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV12-06155 JAK (VBKx) | Date | April 1, 2014 |
| Title | Dana Green v. Lawrence Service Company, et al. | | |

awards of approximately 30% "even after thorough application of . . . the lodestar method." *In re Activision Securities Litigation*, 723 F.Supp.1373, 1377-78 (N.D. Cal. 1989). The fee request is in line with this benchmark. This supports its reasonableness.

b) Comparison with the Lodestar

Plaintiff argues that the lodestar in this case would be approximately $467,176, not including work performed on the instant Motions. Dkt. 79-2 at 3. This calculation is based on the following analysis:

The billing rates for the lawyers and paralegal who worked on the case are as follows:

Graham Hollis (Partner, Admitted 1985):     $660

Diane Richard (Associate, Admitted 1999):   $550

Brian R. Short (Associate, Admitted 2005):  $520

Jeremy Freedman (Senior Paralegal):         $200

The hours spent by each individual is summarized in the following table:

| Category of Work | Timekeepers | | | | |
|---|---|---|---|---|---|
| | Hollis | Richard | Short | Freedman | *Total* |
| Contacts with client | 4.4 | 32.2 | 0.0 | 5.5 | 42.1 |
| Review documents from client | 1.0 | 4.2 | 0.0 | 8.2 | 13.4 |
| Contacts with Defense counsel | 5.5 | 8.8 | 0.0 | 11.5 | 25.8 |
| Prepare [Labor and Workforce Development Agency] notice | 0.4 | 2.0 | 0.0 | 6.7 | 9.1 |
| Negotiate/draft tolling agreements | 0.5 | 2.6 | 0.0 | 3.6 | 6.7 |
| Document requests to Defendant; Review/Analysis | 1.5 | 8.4 | 0.0 | 36.3 | 46.2 |
| Investigation of claims/legal research | 4.5 | 35.5 | 0.0 | 12.0 | 52.0 |
| Negotiate/draft Belaire notice | 0.5 | 3.3 | 0.0 | 3.9 | 7.7 |
| Witness interviews | 0.0 | 7.1 | 0.0 | 33.9 | 41.0 |

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

#### CIVIL MINUTES – GENERAL

Case No.    LA CV12-06155 JAK (VBKx)                    Date    April 1, 2014

Title    Dana Green v. Lawrence Service Company, et al.

| | | | | | |
|---|---|---|---|---|---|
| Damages analysis/calculations | 4.3 | 19.6 | 0.0 | 60.6 | 84.5 |
| Prepare/participate in first mediation | 25.5 | 56.2 | 0.0 | 5.5 | 87.2 |
| Post-mediation negotiations | 3.0 | 3.4 | 0.0 | 2.7 | 9.1 |
| Research/draft complaint and FAC | 2.5 | 20.1 | 0.0 | 17.6 | 40.2 |
| Analysis re [Class Action Fairness Act] Removal | 0.7 | 3.4 | 0.0 | 5.9 | 10.0 |
| Case management/16(f) Conference/Joint Reports/Stipulations | 7.5 | 28.7 | 0.0 | 13.1 | 49.3 |
| Written discovery | 3.8 | 13.2 | 0.0 | 15.8 | 32.8 |
| Analysis re individual releases | 1.2 | 4.6 | 0.0 | 3.4 | 9.2 |
| Deposition- Defendant's person most knowledgeable | 2.2 | 39.4 | 0.0 | 12.2 | 53.8 |
| Deposition- Plaintiff | 3.8 | 27.5 | 0.0 | 8.5 | 39.8 |
| Motion for Class Certification | 6.5 | 25.5 | 0.0 | 8.2 | 40.2 |
| Research/draft opposition to motion for summary judgment, cross motion for summary judgment/reply, attend hearing | 10.5 | 115.9 | 0.0 | 54.7 | 181.1 |
| Prepare/participate in second mediation | 18.5 | 60.8 | 0.0 | 37.7 | 117.0 |
| Post-mediation fee/costs negotiations | 3.6 | 3.8 | 0.0 | 6.1 | 13.5 |
| Negotiate settlement agreement | 3.3 | 6.1 | 0.0 | 5.6 | 15.0 |
| Preliminary approval motion | 15.2 | 0.0 | 23.6 | 61.3 | 100.1 |
| Class administration | 0.5 | 0.0 | 1.0 | 2.0 | 3.5 |
| *Motion for Attorneys' Fees (excluded from Lodestar)* | *12.5* | *0.0* | *16.0* | *2.0* | *30.5* |
| *Total* | **143.4** | **532.3** | **40.6** | **444.5** | **1160.8** |

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   LA CV12-06155 JAK (VBKx)                Date   April 1, 2014

Title      Dana Green v. Lawrence Service Company, et al.

Summarized by each timekeeper, the *Lodestar* calculation is as follows:

| Timekeeper | Hours | Rate | Amount |
|---|---|---|---|
| Hollis | 130.9 | $660.00 | $86,394.00 |
| Richard | 532.3 | $550.00 | $292,765.00 |
| Short | 24.6 | $520.00 | $12,792.00 |
| Freedman | 442.5 | $170.00 | $75,225.00 |
| | | *Total:* | **$467,176.00** |

Dkt. 79-2 at 2-5.

Hollis states in his declaration that, "exercising partner discretion" he "removed any billing entries which were spent exclusively on matters which were ultimately unsuccessful and any entries from timekeepers who worked less than 20 hours on the case." *Id.* at 3. He also states that he "cut time where work appeared to be duplicative or where the amount of time spent on a given task appeared excessive," in addition to excluding work performed on the instant Motions, and for work spent on the supplemental briefing requested by the Court in connection with the Motion for Preliminary Approval. *Id.*

Based on this calculation, the fee request of $141,659.07[5] is approximately 30% of the lodestar.

         c)  *Kerr* Factors

An analysis of the relevant *Kerr* factors also demonstrates the reasonableness of the requested fee award.

*First*, class counsel contends that prosecution of this action required the particular skills they have acquired through their regular litigation of wage and hour claims. They contend that they were able to reach a settlement "in large part [because of] their expertise and experience." Dkt. 79-1 at 19. They also assert that this case presented unique challenges and that Defendant presented a vigorous defense in response to Plaintiff's claims and plan to certify the class. *Id.*

*Second*, class counsel took the case on a contingency basis. In such circumstances, attorneys take on the substantial risk of non-payment should defendants prevail. Because of these risks, as well as the obligation of attorneys to advance litigation costs, attorneys who work on a contingency basis are often paid "a premium over their normal hourly rates for winning contingency cases." Richard Posner,

---

5  The total amount Defendant has agreed to pay for Plaintiff's attorneys' fees and costs is $169,500. Thus, this figure, less the $27,840.93 Plaintiff seeks in costs, equals $141,659.07.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV12-06155 JAK (VBKx) | Date | April 1, 2014 |
| Title | Dana Green v. Lawrence Service Company, et al. | | |

*Economic Analysis of Law*, § 21.9, at 534-35 (3d ed. 1986). Here, class counsel does not request a "premium" over their respective hourly rates; indeed, they contend that the hourly compensation set forth in their calculations "is commensurate with similar attorneys and support staff practicing in the same field, handling similar wage and hour class action lawsuits." Therefore, the amount requested is within a reasonable range for an award in this action.

*Finally*, class counsel argues that the settlement amounts are significant "particularly in light of the risks posed by time-consuming and costly continued litigation, which could have gone on for another several years before any final resolution." Dkt. 79-1 at 18. Although the recovery is only 20% of unreimbursed expenses, when this recovery is considered in the context of the monetary and non-monetary benefits that are not included in the settlement agreement, the outcome is significant. Plaintiff contends that the reasonableness of the requested fees should be considered in light of actions taken, and payments made, by Defendant that are outside of the $60,000 settlement fund. Thus, class counsel argues that the $158,000 that Defendant paid to certain putative class members in exchange for their individual releases of claims should be considered. Dkt. 79-1 at 12. Plaintiff also claims that Defendant "changed its policies regarding the payment of daily overtime wages for multiple store visits and regular wages for drive time between multiple store visits in a day . . . [and also] instituted a mileage reimbursement policy, a meal and rest period policy, provides Service Representatives with itemized wage statements that itemize various required line items with respect to hour and rates of pay and now pays an administrative rate for non-project work." *Id.*; Dkt. 79-2 at 7. It claims that, under a "catalyst theory," it should be entitled to attorneys' fees for the services that led to these changes.

In *Tipton-Whittingham v. City of Los Angeles*, 34 Cal.4th 604 (2004), the Supreme Court of California stated that "California law continues to recognize the catalyst theory and does not require 'a judicially recognized change in the legal relationship between the parties' as a prerequisite for obtaining attorney fees under Code of Civil Procedure section 1021.5."[6] The court stated that, "[i]n order to obtain attorney fees without such a judicially recognized change in the legal relationship between the parties, a plaintiff must establish that (1) the lawsuit was a catalyst motivating the defendants to provide the primary relief sought; (2) that the lawsuit had merit and achieved its catalytic effect by threat of victory, not by dint of nuisance and threat of expense . . . ; and, (3) that the plaintiffs reasonably attempted to settle the litigation prior to filing the lawsuit." Consideration of the class recovery in light of the catalyst theory shows that class counsel achieved substantial success in the litigation.

For the foregoing reasons, Plaintiff's fee request is reasonable. Therefore, Plaintiff's request for attorney's fees in the amount of $141,659.07 is GRANTED.

### B.   Attorney's Costs

Numerous courts have held that, under FRCP 54 and 28 U.S.C. § 1920, class counsel is entitled to reimbursement for out-of-pocket expenses that would normally be charged to a fee-paying client. *See, e.g., Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994*); In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177 (2007). Plaintiff's counsel requests reimbursement of the following expenses incurred in

---

6  Plaintiff does not cite the statute that is the basis for the claim for attorney's fees, but simply states that "Plaintiff's claims were brought under California's fee shifting statutes." Dkt. 79-2 at 3.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.    LA CV12-06155 JAK (VBKx)            Date    April 1, 2014

Title        Dana Green v. Lawrence Service Company, et al.

litigating this case:

| | |
|---|---|
| Filing/Court fees: | $459.00 |
| Court Reporter: | $2,032.77 |
| Belaire Notice: | $360.00 |
| Attorney Service: | $984.00 |
| Travel Expenses: | $3,477.63 |
| Photocopy/Imaging: | $8,590.64 |
| Postage/Overnight: | $101.71 |
| Mediator Fee: | $9,500.00 |
| Telephone/Faxes: | $1,181.68 |
| Online Research: | $1,153.50 |
| *Total:* | **$27,840.93** |

Because these expenses were reasonable in amount and appropriate to incur in connection with the prosecution of this action, Plaintiff's request for reimbursement of expenses in the amount of $27,840.93 is GRANTED.

### C.    Service Award for Lead Plaintiff

As noted, Plaintiff seeks a service award in the amount of $3,500 for her work in connection with this action. Dkt. 80-3 at 4. She contends that this award is fair in light of "(i) the amount of work, hours and ultimate service I have dedicated to the pursuit of monetary relief, policy changes, and injunctive relief on behalf of other Service Representatives; (ii) the fact that I am agreeing to a much broader release of claims than class members in order to achieve settlement and the fact that I am giving up any right to sue LMS for any reasonable claims; [and] (iii) the financial and professional risks I took by pursuing a lawsuit against a former employer and the risk that I would not be re-hired by LMS after making the claims." Dkt. 80-3 at 5-6.

She provides a list of activities in which she participated, and the corresponding hours spent. This information is summarized in the following table:

| Task | Approximate Date/Rage | Hours |
|---|---|---|
| Initial meetings with attorneys to discuss individual and class action claims | January 2011-September 2011 | 2 |
| Provide documents to attorneys for investigation into claims/initial disclosures | January 2011-September 2011 | 5 |
| Review personnel file produced by Defendant | September 2011 | 1.5 |

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.    LA CV12-06155 JAK (VBKx)                    Date    April 1, 2014

Title       Dana Green v. Lawrence Service Company, et al.

| | | |
|---|---|---|
| Review of letter to California Labor and Workforce Development Agency | September 2011 | 0.5 |
| Review complaint | September 2011 | 0.75 |
| Review first amended complaint | November 2012 | 0.75 |
| FLSA Consent to Sue Form (sign and fax) | October 24, 2012 | 0.5 |
| Conference with attorney re FLSA claims | February 4, 2013 | 1 |
| Communications with attorney to schedule deposition | November 2012-December 2012 | 1 |
| Pre-deposition meeting with attorney in Lancaster | January 14, 2013 | 6 |
| Deposition (approx. 10 a.m. to 4 p.m.) | January 15, 2013 | 6 |
| Round trip travel from Lancaster to Los Angeles | January 15, 2013 | 3 |
| Review of deposition transcript/changes and certification | February 28, 2013 | 2.5 |
| Communications with attorneys re cross motions for summary judgment | April 2013 | 3 |
| Declaration in support of cross motions for summary judgment | April 8, 2013 | 1 |
| Communications to discuss outcome of summary judgment and strategy | May 2013 | 1 |
| Meeting with attorneys prior to first mediation | May 2012 | 1.25 |
| First mediation (approx. 9 a.m. to 5 p.m.) | May 15, 2012 | 8 |
| Round trip travel from Lancaster to Los Angeles | May 15, 2012 | 3 |
| Communications with attorneys after mediation and strategy | May 2012 | 2 |
| Conference with attorneys prior to second mediation | July 19, 2013 | 0.75 |
| Communications with attorneys during mediation | July 20, 2013 | 1 |
| Communications regarding | July 2013-August 2013 | 5.25 |

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   LA CV12-06155 JAK (VBKx)                    Date   April 1, 2014

Title   Dana Green v. Lawrence Service Company, et al.

| | | |
|---|---|---|
| settlement after second mediation | | |
| Review of settlement agreement, and supporting documents | August 19, 2013 | 1 |
| Conference with attorney re settlement agreement | August 19, 2013 | 0.5 |
| Declaration in support of preliminary approval | August 26, 2013-August 27, 2013 | 0.75 |
| Communications with attorneys re strategy, claims, investigation and status over the past 3 years | January 2011-present | 23 |
| *Total:* | | **82.25** |

*Id.* at 4-5.

Based on the work performed by Plaintiff, $3,500 is a reasonable award. This is the equivalent of $42.50 for each hour she worked in support of the class. Therefore, Plaintiff's request for a service award in the amount of $3,500 is GRANTED.

### VI.   Conclusion

For the foregoing reasons, the Motions are GRANTED. Plaintiff shall lodge a proposed judgment by April 8, 2014. The notice of lodging shall indicate whether the parties agree to the form of judgment. If there is a dispute, Defendant shall file its objections within 7 days from the date the judgment was lodged.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer   ak   _____